# CHARLESTON.

GEORGE *v.* MALE *et al.*

(No. 6587)

Submitted May 14, 1930. Decided May 20, 1930.

*Kittle & Kittle,* for appellee First Nat. Bank of Philippi.
*Herman J. Poling,* for appellant.

HATCHER, JUDGE:

This appeal involves the right of the trial court to correct an error of law in a decree after the term at which it was entered has expired, at the instance of one not a party to the original suit.

This question arises in a creditors' suit brought by W. T. George against J. W. Male, V. C. Marks, and the Federal Land Bank of Baltimore. A commissioner reported on March 3, 1928, that J. W. Male was the owner of a tract of 53 acres to which attached several liens acquired in 1925, 1926, 1927, the first of which in priority was in favor of the Land Bank for $488.68. In the meantime, a petition had been filed in the suit by S. M. Norris alleging that he was the assignee of a note of $500 executed by J. W. Male in April, 1919, in favor of M. J. Poling, which was secured by a deed of trust on a tract of 83 acres; that this tract embraced the 53 acres and two parcels of 15 and 15½ acres conveyed by Male to Virgie Kennedy and C. C. Male, respectively, in June, 1919. C. C. Male was made a party to the petition. On January 30, 1929, a decree was entered reciting service of process upon Norris' petition and that it was taken for confessed as to all the defendants. It was then adjudged that the lien in favor of Norris, amounting to $757.75, attached to the entire 83 acres, and that the other liens (amounting in all to $851.83) attached to the 53 acres. The decree directed a sale of the "aforesaid real estate" and provided as follows: "The 53-acre tract of land shall first be offered for sale, and a sale thereof made, and if the same shall not sell for sufficient to pay the debts decreed thereon, including the debt decreed to the Petitioner, S. M. Norris that thereupon the residue of said 83 acres, consisting of 30 acres be sold for the payment of the residue of said liens." On March 30, 1929, the commissioners sold the 53-acre tract for $1,251 and the 15½-acre tract for $325. The record contains an order, date not given, showing that these sales were reported to the court, that exceptions (grounds not stated) to the sale

of the 15½ acres were sustained, and the report otherwise confirmed.

On April 15, 1929, the First National Bank of Philippi filed a petition alleging that it had recovered a judgment against C. C. Male on March 2, 1929, that he was insolvent, and that he had voluntarily permitted the decree of sale to be entered against the 15½ acres on January 30, 1929, for the purpose of hindering and delaying his creditors, and praying that the decree be vacated in so far as it authorized a sale of the C. C. Male tract for the purpose of satisfying any balance due the lienors of the 53-acre tract. The prayer of the petition was granted by decree entered on April 15, 1929, and the Land Bank protests.

There is no averment in the pleadings that the 15½ acres is liable for the demand of any one but Norris. The other creditors of J. W. Male presented no cause of action against this tract. They did not seek the relief granted as to it. The pleadings, writes Freeman, ''present the controversy to the court and empower it to proceed in the cause. Regarded in that light, their office is a jurisdictional one and it is through them and by virtue of them, that the court is put in control of the subject matter over which its general powers extend under the law.'' Freeman on Judgments (5th Ed.) § 365. Therefore the court had no jurisdiction to direct a sale of the 15½ acres to pay whatever balance might be due on the liens against the 53-acre tract, and the decree is invalid so far as this was done. ''The doctrine is firmly settled that * * * any judgment which is entirely outside of the cause of action specified in the pleadings in the suit in which it is pronounced, is invalid.'' *Consolidated E. S. Co.* v. *Trust Co.*, 50 N. J. Eq. 93, 97, 24 A. 229, 231; 15 R. C. L. pp. 854, 855. It is also settled law that, when a decree is invalid, a subsequent lienor with equities entitled to be protected from its operation, even though he be a stranger to the suit in which it is pronounced, may maintain an application to have it vacated. 34 C. J. 348, § 562; 15 R. C. L. p. 697, § 149; Black on Judgments, § 317; Freeman, supra, § 260.

The decree of January 30, 1929, was on a petition *taken*

*for confessed* as to C. C. Male. Code, c. 134, § 5, gives to the lower court express authority to reverse such a decree "for any error for which an appellate court might reverse it," etc. Decreeing the sale of the C. C. Male tract in case the 53-acre tract did not pay all "the debts decreed thereon" was an error which would call for appellate reversal. Consequently, the application of the national bank is sustained by the general law and the relief granted by special statutory provision.

The appellant contends that the decree of January 30, 1929, was final, and that the rule of res judicata applies. That rule cannot supersede statutory procedure. Besides, the rule is no bar to further litigation in case of an invalid judgment such as this. 34 C. J. p. 768, § 1183; 15 R. C. L. p. 957, § 433 (see cases cited under notes 17 and 18).

Appellant also raises the question of duplication of commissioners' fees. The decree (undated) appearing on page 50 of the record properly fixed their fees. If the commissioners withheld a greater sum, that error should have been corrected by motion in the circuit court. There is no record that such motion was made. To the contrary a decree entered on May 11, 1929, also appealed from, confirming the commissioners' report of their disbursements, recites that no exception was taken to the report.

The decrees of April 15 and May 11, 1929, are accordingly affirmed.

*Affirmed.*